## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | |
|---|---|
| Crystal Pizzulo<br>1200 Nancy Dr.<br>Croydon, PA 19021<br><br>     Plaintiff,<br><br>v.<br><br>NCC Business Services, Inc.<br>c/o CT Corporation System<br>1515 Market Street, Suite 1210<br>Philadelphia, PA 19102<br><br>     Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around July 1, 2010, Defendant telephoned Plaintiff's coworker ("Coworker") and left a voice message.

8. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Coworker.

9. On or around July 2, 2010, Coworker telephoned Defendant.

10. During this communication, Coworker notified Defendant that Plaintiff did not live with Coworker, and Defendant could not contact Plaintiff at Coworker's residence.

11. On or around July 5 2010, Plaintiff telephoned Defendant.

12. During this communication, Plaintiff requested that Defendant cease any further communication with Plaintiff's coworkers.

13. During this communication, Defendant spoke to Plaintiff in a harassing, oppressive and/or abusive manner.

14. During this communication, Defendant yelled at Plaintiff "if you don't like it, start paying your bills!"

15. Despite having notice, on or around July 9, 2010, Defendant telephoned Coworker again.

16. At the time of these communications, Defendant already had Plaintiff's location information.

17. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

18. Defendant violated the FDCPA.

## <u>COUNT ONE</u>

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT SEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's coworker.

33. Defendant's disclosure of Plaintiff's debt to this person is highly offensive.

34. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

    c.  For such other legal and/or equitable relief as the Court deems appropriate.

Respectfully Submitted,

Legal Helpers, P.C.

By: */s/ Thomas M. Nicely*
Thomas M. Nicely (Bar No. 92759)
111 S. Independence Mall East, Suite 555
Philadelphia, PA
Tel: 866.339.1156
Fax: 312.822.1064
tmn@legalhelpers.com
*Attorney for Plaintiff*